IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 2:17-CR-178 |
| WILLIAM YOUNG, | : | Judge James L. Graham |
| Defendant. | : | |

**MOTION OF DEFENDANT, WILLIAM YOUNG, TO WITHDRAW GUILTY PLEA AND REQUEST THAT CASE BE SET FOR TRIAL**

Now comes the defendant, William Young, by and through counsel, pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, and moves this Honorable Court to grant him leave to withdraw his previously entered plea of Guilty. Mr. Young wishes to withdraw from the plea agreement and proceed to trial herein. Support for this request is provided in the memorandum below.

Respectfully submitted,

/s/ Andrew T. Sanderson
Andrew T. Sanderson, #0066327
Attorney for Defendant William Young
BURKETT & SANDERSON, Inc.
73 North Sixth Street
Newark, Ohio 43055
(740) 345-0417
(740) 345-6677 – Fax

**MEMORANDUM IN SUPPORT**

Pursuant to a plea agreement, Mr. Young appeared before Magistrate Norah King on January 5, 2018, and entered a guilty plea to Count One of the indictment. This plea was pursuant to an agreement between the parties. The agreement specified an anticipated advisory initial guideline offense level of 18. The plea agreement made no mention of the "automatic" two-level enhancement that attaches to every conviction for cyberstalking under the United States Sentencing Guidelines. Counsel represents to the Court that Mr. Young was NOT advised of this enhancement at the time he signed the plea agreement. The plea agreement is also silent with respect to the six-level enhancement related to the victim characteristics at issue in this case. Again, this enhancement possibility was not discussed with Mr. Young at the time he entered into the plea agreement.

Since the plea date, the PSR in the case has been filed. Objections to the enhancements described above have been raised. The guideline recommendation of the report is for sixty months imprisonment – the maximum statutory penalty available for the offense now at issue. Upon learning of the recommendation, Mr. Young was both surprised and disappointed as he received no statutory consideration for his agreement to enter a plea and accept responsibility for his action. Upon receipt of the objections raised by undersigned counsel, Mr. Young became more frustrated with his situation and feels that he was "lied to" by both undersigned counsel and the United States attorney. Specifically, Mr. Young avers that the motivations behind his actions were not "misplaced" and are justified. Again, Mr. Young expresses that he believes that he was "lied to" by undersigned counsel.

Mr. Young has contacted counsel's office and expressed that it is his desire that he be permitted to withdraw his plea of guilty, stand on his plea of Not Guilty and have his guilt decided by a jury of

his peers.  He further expresses that it is his desire to represent himself in these proceedings and that undersigned counsel act as an "advisor" for purposes of trial.  In sum, Mr. Young did not receive any benefit through his plea bargain and was not informed of important guideline factors prior to entering a plea herein.  Due to this, Mr. Young has expressed that it is now his desire to withdraw his plea.

The Federal Rules of Criminal Procedure provide a mechanism through which a criminal defendant may withdraw his plea.  Rule 11 provides, in the relevant part, "A defendant may withdraw a plea of guilty or nolo contendere … after the court accepts the plea, but before it imposes sentence if: … the defendant can show a fair and just reason for requesting the withdrawal." Crim.R. 11(d)(2)(B).  In the instant case, the plea has been accepted but sentence has not yet been imposed so this Rule applies to Mr. Young's request.

It is important to recognize that Mr. Young has struggled with his decision to plea from the outset.  The defendant has the burden of demonstrating a fair and just reason for the withdrawal of his plea.  With that said, the standard is to be applied "liberally" when the request is made prior to the imposition of sentence. *See generally United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). A motion to withdraw a plea made prior to the imposition of sentence should be "freely allowed." *United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988).  "Fair and just reasons" for withdrawing a plea have been described as "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. . . ." *United States v. Ortega-Ascanio*, 376 F.3d 879, 833 (9th Cir. 2004). In the instant case, Mr. Young offers intervening circumstances and other reasons not known to him at the time of the plea as the "fair and just" grounds for his request.

At the time of the plea, Mr. Young expected to be sentenced in accordance with the plea

3

agreement advisory guideline offense level of at most 18 and, according to the plea agreement, level 16. Upon the completion of the Presentence Report, he learned that the offense level was 23, not the 16-18 he expected. He learned that the guideline sentence being recommended was the maximum allowed by law and he feels that he was lied to by his attorney and the prosecution. He received no benefit of his plea bargain, is facing the maximum penalty allowed by law and feels that his underlying concerns are not receiving adequate attention by his attorney. His grievance with the alleged victim are – in his mind – not "misplaced" and are legitimate explanations for his behavior. He feels that once a jury is informed of all the surrounding facts related to his case, they will find him Not Guilty. Mr. Young again maintains that he did not commit the crime as alleged by the government.

The Criminal Rules place no limitations on when a plea may be withdrawn other than classifying such motions by when they occur with respect to sentencing: "A defendant may withdraw a plea of guilty or nolo contendere … after the court accepts the plea, but before it imposes sentence if: … the defendant can show a fair and just reason for requesting the withdrawal." Crim.R. 11(d)(2)(B). In the instant case, the plea has been accepted but sentence has not yet been imposed so this Rule applies to Mr. Young's request. It matters not—under the Criminal Rules—if the request is made three days after the entry of the plea or three days prior to the imposition of sentence.

This case has been pending only August 8, 2017 – roughly eight months. It has been only four months since the entry of the plea and only less than one month – 27 days - since the filing of the final PSR and only thirty-four days since the government filed its response to the defendant's PSR objection. Mr. Young has not demonstrated by word or deed that he is taking steps to delay these proceedings or otherwise frustrate the smooth administration of justice. This is not a defendant that

has lain in the bushes, wasting the time of the Court or the resources of the government. Rather, this is a defendant that was resistant to the plea recommendation from the outset and learned that the bargain he had struck was illusory.

Mr. Young maintains that he did not commit the crimes as alleged by the government and while he has accepted some of the facts related to the case, he has categorically denied others—both at the time of the plea and throughout the presentence investigation. He bargained for his earliest possible release and that bargain did not bear fruit. For these reasons, Mr. Young avers that he has demonstrated just and fair reasons to withdraw his previously entered plea of Guilty and he respectfully moves this Honorable Court to grant him leave to do so and to again set the matter for trial.

/s/ Andrew T. Sanderson
Andrew T. Sanderson, #0066327
Attorney for Defendant William Young

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was duly served upon the Office of the United States Attorney, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, by electronic transmission on this 18th day of April, 2018.

/s/ Andrew T. Sanderson  
Andrew T. Sanderson, #0066327  
Attorney for Defendant William Young